PETER MCANEANY *vs.* JOSHUA JEWETT.

A dog at play with his owner's son upon his owner's land is not "at large," within tne meaning of Gen. Sts. c. 88, § 58; and a constable who under such circumstances calls him away, and shoots him while he is upon his owner's land, and then enters upon such land and pursues him for the purpose of shooting him again, is liable in damages therefor. If a case is submitted to the court upon an agreed statement of facts, in which the damages are not fixed or an assessment thereof provided for, the judgment, if for the plaintiff, will be for nominal damages only.

TORT in the nature of trespass *quare clausum fregit.*

The following facts were agreed in the superior court: The plaintiff owned a house and land in Chelmsford, and had in his keeping a dog which was not licensed or collared according to Gen. Sts. c. 88, § 58. The defendant was a constable of that town, and had been ordered by the selectmen to kill all dogs going at large which were not so licensed and collared. The defendant with a pistol walked in the road past the plaintiff's house, stopping at a point fifty feet distant therefrom, and saw the dog within a few feet of the house, near the plaintiff's son, who had just been playing with him on the plaintiff's premises and near where he then was, and called the dog by his voice and a motion of his hand. The dog upon being so called left the

boy and went towards the defendant, to a point within ten feet of the fence, and the defendant then fired at him, putting a ball through his ear. The dog then ran, and the defendant got over the fence into the plaintiff's premises and pursued him, attempting to shoot him again, until he ran into the front door of the house.

Upon these facts judgment was rendered for the defendant, and the plaintiff appealed to this court.

*G. Stevens*, for the plaintiff, cited *Commonwealth* v. *Dow*, 10 Met. 382; 2 Bl. Com. 393.

*A. J. Stackpole*, for the defendant.

HOAR, J. Without undertaking to give a definition of the phrase "going at large," as applied to dogs, which would include every case that might arise under the statute upon which the defendant relies for his justification, we are of opinion that the plaintiff is entitled to judgment. The defendant entered the plaintiff's close without his consent. The dog was in his owner's door-yard, and near his boy, who had just been playing with him. But for the defendant's interference, there is nothing to show that he would not have remained there quietly. The defendant first enticed him away from the boy, and then entered the close for the purpose of killing him. We do not think the dog was "at large," in the sense of the statute, when the defendant first called him away from the boy. If he went at large afterward, he was set at large by the defendant, who could acquire no right by that act to enter the close of his owner for the purpose of killing him. The damages not being agreed by the parties, the plaintiff will have judgment for nominal damages only